IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Bruce A. Roth,                          :

    Plaintiff,                      :

  v.                                    :     Case No. 2:08-cv-1173

                                                   :     JUDGE SARGUS
President and Board of
Trustees of Ohio University           :
et al.,
                                                   :

    Defendants.

## ORDER

This case is before the Court to consider plaintiff's motion for leave to file an amended complaint. Defendants have opposed the motion. For the following reasons, the motion will be granted.

### I.

In the initial complaint, plaintiff Bruce Roth asserts a claim pursuant to 42 U.S.C. §1983 against the President and Board of Trustees of Ohio University claiming that a contract he entered into with the Ohio University College of Medicine in 1992 violates the Commerce Clause of the United States Constitution. The contract required Dr. Roth, a non-Ohio resident, to practice medicine in Ohio for five years after completing his medical education. In exchange, Dr. Roth received admission into the College of Medicine and a medical-school education. Dr. Roth graduated from the College of Medicine in 1997.

The contract signed by Dr. Roth provided that, in the event of an applicant's breach, the applicant was required to pay to the College of Medicine as liquidated damages the amount of "the sum of the annual enrollment driven subsidy per full-time student

in effect at the time of the breach times four years." See Complaint, Exhibit A, Doc. #1-2. Dr. Roth seeks to have this action certified as a class action on behalf of all former students at the College of Medicine who executed such an agreement, chose not to practice in Ohio for five years and have made payments in accordance with the terms of the agreement. Dr. Roth seeks money damages, an injunction against the enforcement of the contract, and a declaration that the contract is void and unenforceable.

Dr. Roth requests to amend his complaint to add an additional plaintiff, Dr. Dana (Collins) Chukwuemeka. According to the motion to amend, Dr. Chukwuemeka is currently finishing her residency program and does not intend to return to Ohio to practice medicine for five years. Dr. Chukwuemeka has not yet made any payments as required under her contract. Dr. Roth seeks to add Dr. Chukwuemeka as a plaintiff to represent students who have not yet made payments under their contracts but are required to if they opt not to practice in Ohio, as opposed to putative class members like himself who have already made payments. Dr. Roth has attached a copy of Dr. Chukwuemeka's Contract of Admission to the amended complaint. The contract is signed by Dr. Chukwuemeka on July 7, 2000, marked received by the Ohio University Admissions Office on that same date, and signed by two representatives of the College of Medicine in October, 2002.

Additionally, Dr. Roth has named multiple John and Jane Doe defendants in the proposed amended complaint asserting that they are "former Presidents and Board of Trustees members who served during the time that students were entering into the Contract of Admissions." Dr. Roth states that he is asserting his claims against the defendants in their official and personal capacities. Proposed Amended Complaint at ¶12.

Defendants oppose the amendments arguing that they are

futile for several reasons.  First, defendants contend that all claims are barred by the statute of limitations.  The defendants have raised this statute of limitations issue with respect to the original complaint by way of a currently pending summary judgment motion.  The summary judgment issue has not been fully briefed, however, because plaintiff's response to the motion for summary judgment is not due until thirty days after the Court rules on the motion for leave to amend.  See Order, Doc. #18.

Defendants also assert that Dr. Roth is only seeking to pursue them in their individual capacities because the Eleventh Amendment bars an award of damages against them in their official capacities.  Further, the defendants claim that, because they have not violated any clearly established constitutional right, they are entitled to qualified immunity.  Finally, defendants assert that the contract at issue is not unconstitutional.  Dr. Roth has not filed a reply in support of his motion.

II.

There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile.  Futility typically is measured by whether the proposed amendment would survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6). However, when a summary judgment motion is pending, "futility may be shown with reference to the entire summary judgment record." Rodriguez v. Trump Casino, 2008 WL 3271243 *1 (N.D. Ind. August 7, 2008) (citing Peoples v. Sebring Capital Corp., 209 F.R.D. 428, 430 (N.D. Ill. 2002)); see also Republic Nat. Bank v. Hales, 75 F.Supp.2d 300 (S.D.N.Y. 1999).  A Magistrate Judge cannot ordinarily rule on a case dispositive motion such as a motion to dismiss or a motion for summary judgment, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least

indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss, or as here, a motion for summary judgment.  Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a dispositive motion may follow.

Here, in addition to the above considerations, the Court finds that several other factors typically considered when evaluating a motion for leave to amend also weigh in favor of allowing the amendment to be filed.  For example, there is no evidence in the record that the amendment is being sought for purposes of delay nor is there any evidence of Dr. Roth's bad faith.  Further, the Court does not believe that the defendants would suffer any undue prejudice from the filing of the amendment under the circumstances of this case.  Consequently, the Court finds that it is a better exercise of its discretion to grant the motion for leave to amend.  The amendment is permitted, however, with the understanding that the amended complaint may be subject to summary judgment.

In light of the amendment, defendants will be granted fifteen days to supplement their motion for summary judgment.  Any response and reply briefs following the supplemental filing shall be filed in accordance with the Local Civil Rules.

III.

Based on the foregoing, the plaintiffs' motion for leave to file an amended complaint (#15) is granted. The defendants shall file a supplement to their motion for summary judgment within fifteen days. Any response and reply briefs following the supplemental filing shall be filed in accordance with the Local Civil Rules.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge