IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Bruce A. Roth,                         :

     Plaintiff,                      :

  v.                                   :     Case No. 2:08-cv-1173

                                                      :     JUDGE SARGUS
President and Board of
Trustees of Ohio University            :
et al.,
                                                      :
     Defendants.

## ORDER

In their amended complaint, the plaintiffs, both of whom graduated from the Ohio University College of Osteopathic Medicine, assert that a liquidated damage clause in the contract which they signed when they were admitted to that school is unenforceable. The contract provides that if the signee does not practice medicine in Ohio for at least five years immediately following graduation, the graduate must pay a certain amount of money to Ohio University. The complaint seeks certification of a class, a permanent injunction against enforcement of the contract, a money judgment for sums already paid, and a declaratory judgment. All individual defendants have been sued in both their official and individual capacities. Complaint, ¶12.

Defendants have moved to dismiss the complaint. They have asserted several merits defenses, including the constitutionality of the contract provision in question and the statute of limitations, but have also moved for dismissal of any individual capacity damage claims on grounds of qualified immunity. In connection with the motion to dismiss, defendants have moved for a stay of discovery. For the following reasons, that motion will

be denied.

I.

Both parties agree, and it is black-letter law, that if a defendant moves for dismissal on grounds of qualified immunity, the court must not only determine that issue at the earliest possible moment, but also stay discovery while the motion is under advisement. See Pearson v. Callahan, 129 S.Ct. 808, 815 (2009); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993). The parties also agree that, even when an immunity defense is not raised, the Court has the discretion (but not the obligation) to stay discovery while a potentially case-dispositive motion is pending. The question here is whether either or both of these grounds justifies a stay of discovery.

  A.  Stay of Discovery While a Dispositive Motion is Pending

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp.. 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. Marrese v. American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. Id.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6). As one court has observed,

> The intention of a party to move for judgment on the
> pleadings is not ordinarily sufficient to justify a
> stay of discovery. 4 J. Moore, *Federal Practice* §
> 26.70[2], at 461. Had the Federal Rules contemplated
> that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6)
> would stay discovery, the Rules would contain a
> provision to that effect. In fact, such a notion is
> directly at odds with the need for expeditious
> resolution of litigation.... Since motions to dismiss
> are a frequent part of federal practice, this provision
> only makes sense if discovery is not to be stayed
> pending resolution of such motions.  Furthermore, a
> stay of the type requested by defendants, where a party
> asserts that dismissal is likely, would require the
> court to make a preliminary finding of the likelihood
> of success on the motion to dismiss. This would
> circumvent the procedures for resolution of such a
> motion. Although it is conceivable that a stay might be
> appropriate where the complaint was utterly frivolous,
> or filed merely in order to conduct a "fishing
> expedition" or for settlement value, cf. Blue Chip
> Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95
> S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not
> such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990). See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").  Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

The Court has examined, albeit in less depth than will the District Judge, the pending motion to dismiss.  Nothing about it appears to distinguish it from the garden-variety Rule 12(b)(6) motion which is typically insufficient to justify granting a stay

of discovery.  Further, the defendants have not indicated how they will be unnecessarily burdened by answering discovery while the motion is pending.  Plaintiffs represent that the discovery they have propounded thus far is for matters which might also be obtained through a public records request, and this does not strike the Court as a case where merits discovery is likely to overwhelm the resources of either party.  Thus, the Court will not grant a stay simply because there is a pending motion to dismiss the complaint.

B. <u>The Qualified Immunity Question</u>

While it is true that one portion of the prayer for relief in the amended complaint asks for monetary damages, and that the individual defendants have been sued in both their official and individual capacities, this case appears to be as much about the injunctive and declaratory relief sought as it is about damages.  Clearly, there is no qualified immunity defense available to the defendants on these latter claims; qualified immunity applies only to suits for money damages.  <u>Harlow, supra</u>.  Therefore, the question becomes whether the Court is required to, or should, in its discretion, stay discovery on claims other than the individual capacity damages claims while the motion to dismiss is pending.

Most courts faced with this issue have ruled in favor of allowing discovery to proceed on the claims to which qualified immunity does not apply.  <u>See, e.g., Rome v. Romero</u>, 225 F.R.D. 640 (D. Colo. 2004); <u>see also Conkleton v. Zavaras</u>, 2009 WL 2356441 (D. Colo. July 29, 2009); <u>Buckner v. City of Victoria</u>, 2008 WL 4057929 (S.D. Tex. August 26, 2008); <u>Beck v. Taylor County</u>, 1998 WL 682265 (N.D. Tex. September 29, 1998).  Certainly, there may be cases where the issues underlying the individual liability claims so predominate that it would effectively eviscerate the qualified immunity defense to allow

discovery to proceed on the remaining claims.  This case does appear to fall into that category, however.  Consequently, the Court also rejects the argument that all discovery should be stayed simply because one of the several claims in the complaint is subject to a qualified immunity defense.  Of course, discovery pertaining only to an individual damage claim must be stayed while the motion to dismiss is pending.

## II.

Based on the foregoing, the defendants' motion to stay discovery (#24) is denied to the extent that it requests a stay of discovery on claims other than the monetary damage claims asserted against the defendants in their individual capacities.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge