IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Bruce A. Roth,                          :

         Plaintiff,                     :

    v.                                  :    Case No. 2:08-cv-1173

                                        :    JUDGE SARGUS

President and Board of
Trustees of Ohio University             :
et al.,
                                        :
         Defendants.


<u>ORDER</u>

     In their amended complaint, the plaintiffs, both of whom
graduated from the Ohio University College of Osteopathic
Medicine, assert that a liquidated damage clause in the contract
which they signed when they were admitted to that school is
unenforceable.  The contract provides that if the signee does not
practice medicine in Ohio for at least five years immediately
following graduation, the graduate must pay a certain amount of
money to Ohio University.  The complaint seeks certification of a
class, a permanent injunction against enforcement of the
contract, a money judgment for sums already paid, and a
declaratory judgment.  All individual defendants have been sued
in both their official and individual capacities.  Complaint,
¶12.

     Defendants have moved to dismiss the complaint.  They have
asserted several merits defenses, including the constitutionality
of the contract provision in question and the statute of
limitations, but have also moved for dismissal of any individual
capacity damage claims on grounds of qualified immunity.  In
connection with the motion to dismiss, defendants have moved for
a stay of discovery.  For the following reasons, that motion will

be denied.

I.

Both parties agree, and it is black-letter law, that if a
defendant moves for dismissal on grounds of qualified immunity,
the court must not only determine that issue at the earliest
possible moment, but also stay discovery while the motion is
under advisement.  See Pearson v. Callahan, 129 S.Ct. 808, 815
(2009); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Lavado v.
Keohane, 992 F.2d 601 (6th Cir. 1993).  The parties also agree
that, even when an immunity defense is not raised, the Court has
the discretion (but not the obligation) to stay discovery while a
potentially case-dispositive motion is pending.  The question
here is whether either or both of these grounds justifies a stay
of discovery.

A.  Stay of Discovery While a Dispositive Motion is Pending

A stay of discovery for any reason is a matter ordinarily
committed to the sound discretion of the trial court.  Chrysler
Corp. v. Fedders Corp.. 643 F.2d 1229 (6th Cir. 1981).  In ruling
upon a motion for stay, the Court is required to weigh the burden
of proceeding with discovery upon the party from whom discovery
is sought against the hardship which would be worked by a denial
of discovery.  Additionally, the Court is required to take into
account any societal interests which are implicated by either
proceeding or postponing discovery.  Marrese v.American Academy
of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983).
When a stay, rather than a prohibition, of discovery is sought,
the burden upon the party requesting the stay is less than if he
were requesting a total freedom from discovery.  Id.

However, one argument that is usually deemed insufficient to
support a stay of discovery is that a party intends to file, or
has already filed, a motion to dismiss for failure to state a
claim under Rule 12(b)(6).  As one court has observed,

The intention of a party to move for judgment on the
pleadings is not ordinarily sufficient to justify a
stay of discovery. 4 J. Moore, *Federal Practice* §
26.70[2], at 461. Had the Federal Rules contemplated
that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6)
would stay discovery, the Rules would contain a
provision to that effect. In fact, such a notion is
directly at odds with the need for expeditious
resolution of litigation.... Since motions to dismiss
are a frequent part of federal practice, this provision
only makes sense if discovery is not to be stayed
pending resolution of such motions. Furthermore, a
stay of the type requested by defendants, where a party
asserts that dismissal is likely, would require the
court to make a preliminary finding of the likelihood
of success on the motion to dismiss. This would
circumvent the procedures for resolution of such a
motion. Although it is conceivable that a stay might be
appropriate where the complaint was utterly frivolous,
or filed merely in order to conduct a "fishing
expedition" or for settlement value, <u>cf. Blue Chip
Stamps v. Manor Drug Stores</u>, 421 U.S. 723, 741, 95
S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not
such a case.

<u>Gray v. First Winthrop Corp</u>., 133 F.R.D. 39, 40 (N. D. Cal.
1990). <u>See also Turner Broadcasting System, Inc. v. Tracinda
Corp.</u>, 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to
Dismiss is not ordinarily a situation that in and of itself would
warrant a stay of discovery....").  Thus, unless the motion
raises an issue such as immunity from suit, which would be
substantially vitiated absent a stay, or unless it is patent that
the case lacks merit and will almost certainly be dismissed, a
stay should not ordinarily be granted to a party who has filed a
garden-variety Rule 12(b)(6) motion.

The Court has examined, albeit in less depth than will the
District Judge, the pending motion to dismiss.  Nothing about it
appears to distinguish it from the garden-variety Rule 12(b)(6)
motion which is typically insufficient to justify granting a stay

of discovery.  Further, the defendants have not indicated how
they will be unnecessarily burdened by answering discovery while
the motion is pending.  Plaintiffs represent that the discovery
they have propounded thus far is for matters which might also be
obtained through a public records request, and this does not
strike the Court as a case where merits discovery is likely to
overwhelm the resources of either party.  Thus, the Court will
not grant a stay simply because there is a pending motion to
dismiss the complaint.

B.  <u>The Qualified Immunity Question</u>

While it is true that one portion of the prayer for relief
in the amended complaint asks for monetary damages, and that the
individual defendants have been sued in both their official and
individual capacities, this case appears to be as much about the
injunctive and declaratory relief sought as it is about damages.
Clearly, there is no qualified immunity defense available to the
defendants on these latter claims; qualified immunity applies
only to suits for money damages.  <u>Harlow, supra</u>.  Therefore, the
question becomes whether the Court is required to, or should, in
its discretion, stay discovery on claims other than the
individual capacity damages claims while the motion to dismiss is
pending.

Most courts faced with this issue have ruled in favor of
allowing discovery to proceed on the claims to which qualified
immunity does not apply.  <u>See, e.g., Rome v. Romero</u>, 225 F.R.D.
640 (D. Colo. 2004); <u>see also Conkleton v. Zavaras</u>, 2009 WL
2356441 (D. Colo. July 29, 2009); <u>Buckner v. City of Victoria</u>,
2008 WL 4057929 (S.D. Tex. August 26, 2008); <u>Beck v. Taylor
County</u>, 1998 WL 682265 (N.D. Tex. September 29, 1998).
Certainly, there may be cases where the issues underlying the
individual liability claims so predominate that it would
effectively eviscerate the qualified immunity defense to allow

-4-

discovery to proceed on the remaining claims.  This case does appear to fall into that category, however.  Consequently, the Court also rejects the argument that all discovery should be stayed simply because one of the several claims in the complaint is subject to a qualified immunity defense.  Of course, discovery pertaining only to an individual damage claim must be stayed while the motion to dismiss is pending.

II.

Based on the foregoing, the defendants' motion to stay discovery (#24) is denied to the extent that it requests a stay of discovery on claims other than the monetary damage claims asserted against the defendants in their individual capacities.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge