IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRUCE A. ROTH, D.O., et al.,**

    **Plaintiffs,**

v.

**THE PRESIDENT AND BOARD
OF TRUSTEES OF OHIO
UNIVERSITY, et al.,**

    **Defendants.**

Case No. 2:08-cv-1173

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

Plaintiffs Bruce A. Roth, D.O., and Dana (Collins) Chukwuemeka, D.O., on behalf of themselves and others alleged to be similarly situated, bring this lawsuit against the President and Board of Trustees of Ohio University. (Am. Compl. ¶¶ 10–22.) Plaintiffs allege that the Contract of Admission between the parties (i) violates the dormant Commerce Clause and the Privileges and Immunities Clause and (ii) provides for a monetary penalty, rather than valid liquidated damages. Asserting that the contract is thus void and unenforceable, Plaintiffs seek injunctive relief, declaratory judgment, monetary damages, and attorney fees.

This matter is before the Court for consideration of Defendants' Motion to Dismiss the Plaintiffs' Amended Class Action Complaint. (Doc. 23.) For the reasons that follow, the Court hereby **GRANTS** the Motion to Dismiss. Plaintiffs' federal claims are hereby **DISMISSED** with prejudice, and Plaintiffs' state law claims are hereby **DISMISSED** without prejudice.

### I. Background

Plaintiffs Roth and Chukwuemeka are both graduates of the Ohio University College of Osteopathic Medicine ("OUCOM"). (Am. Compl. ¶ 1.) As a condition of their admission into OUCOM, each Plaintiff entered into a Contract of Admission (the "Contract") with OUCOM in

1

1992 and 2000, respectively. (Ex. A, Am. Compl.; Mot. Dismiss 4–5.) The Contract requires that, as consideration for admission, non-Ohio residents practice medicine in Ohio for five years after completing their medical education, or they must pay liquidated damages in an amount necessary to subsidize the medical education of another OUCOM student. (Mot. Dismiss 5; Am. Compl. ¶ 4.) This contractual provision is consistent with Ohio Revised Code § 3337.14, which requires 80% of students enrolled at OUCOM to be either Ohio residents or nonresidents who intend to practice in Ohio for five years upon completion of their medical education.

Currently, Plaintiffs reside and practice medicine outside of Ohio and either are or will be required to make liquidated damages payments pursuant to the Contract. (Am. Compl. ¶¶ 10, 16.) Dr. Roth practices in Arizona; Dr. Chukwuemeka is completing her residency training in Michigan and intends to practice in North Carolina upon completion of her training. (*Id.* ¶ 10.)

Plaintiffs name the following defendants: the Board of Trustees of Ohio University; Roderick J. McDavis, President of Ohio University, in his official and personal capacities; the current members of the Board of Trustees in their official and personal capacities, including C. Daniel Delawder, M. Marnette Perry, Sandra J. Anderson, David Brightbill, Norman E. Dewire, Gene T. Harris, C. Robert Kidder, Larry L. Schey, David Wolfort, Charles R. Stuckey, Jr., Frank P. Krasovec, Dennis Minichello, Chauncey Jackson, and Tracy Kelly; and unknown former trustees and presidents of Ohio University in their personal capacities. (Am. Compl. ¶¶ 11–12.)

## II. Standard of Review

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires dismissal if the complaint fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## III. Federal Law Claims

Plaintiffs sue pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that the Contract violates two clauses of the United States Constitution: the dormant Commerce Clause at Article I, Section 8, Clause 3, and the Privileges and Immunities Clause at Article IV, Section 2.

### A. Two Year Statute of Limitations

Defendants correctly assert that Plaintiffs' federal claims are subject to a two-year statute of limitations. (Mot. 2.) The statute of limitations applicable to actions under §§ 1983 and 1985 is the state statute of limitations applicable to personal injury actions under the law of the state in which the claims arose. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)); *Frontera v. City of Columbus*, No. 2-06-1046, 2008 WL 203026 at *4 (S.D. Oh. Jan. 22, 2008) (citing *Savage v. Unknown FBI Agents*, No. 97-3311, 142 F.3d 436, 1998 WL 39318 at 1 (6th Cir. 1998) (unpublished)). Because Plaintiff's §§ 1983 and 1985 claims arose in Ohio, the applicable statute of limitations for personal injury actions is two years. Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).

The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros.*, 103 F.3d at 520). "[I]n determining when the cause of action accrues in section 1983 actions, we

3

have looked to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir 1991).

Here, the applicable statute of limitations began to run when Plaintiffs signed their Contract. That event should have alerted them to the need to protect their rights. Drs. Roth and Chukwuemeka signed the Contract on November 21, 1992 and July 7, 2000, respectively. (Am. Compl. Ex. A.) Thus, assuming that the statute of limitations has not been tolled, the statute of limitations expired for Drs. Roth and Chukwuemeka on November 21, 1994 and July 7, 2002, respectively.

### B. Tolling the Statute of Limitations

#### 1. Ohio Revised Code § 2305.08

Plaintiffs do not contend that they have brought this action within the two year statute of limitations. Instead, they assert that that the statute of limitations should be tolled under Ohio Revised Code § 2305.08, which extends the statute of limitations in instances where payment has been made upon a demand on a contract.[1] While the claims herein can be analogized to a state law cause of action to which Section 2305.08 would apply, "[a]lmost every § 1983 claim can be . . . analogized to more than one . . . common-law [cause] of action, each of which may be governed by a different statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 272–73 (1985). As a result, if a uniform rule did not apply, "different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case." *Id.*, 471 U.S. at 274. In *Wilson v. Garcia*, the Court found that "[t]here is no reason to believe that Congress would have sanctioned this interpretation of its

---

[1] Ohio Revised Code § 2305.08 provides, "[i]f payment has been made upon any demand founded on a contract . . . an action may be brought thereon within the time limited by sections 2305.06 and 2305.07 . . . after such payment, acknowledgment, or promise." The time limitations under Ohio Revised Code §§ 2305.06 and 2305.07 are fifteen years and six years, respectively.

4

statute." *Id.*, 471 U.S. at 274–75. Rather, "[t]he federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored [the] simple approach" of selecting only one statute of limitations in each state for all § 1983 claims." *Id.*, 471 U.S. at 275. *See also* 17A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 124.43[2][e] (3d ed. 1999).

Here, Plaintiffs allege §§ 1983 and 1985 claims. Under *Wilson v. Garcia*, these claims are subject only to Ohio's personal injury statute of limitations; section 2305.08 does not apply.

### 2. Ohio Revised Code § 2305.15

Plaintiffs also assert that Ohio Revised Code § 2305.15 tolls the statute of limitations for their federal claims for any defendants who were out of the state before the statute of limitations would have expired. (Pls.' Mem. Opp'n 2–3.) Section 2305.15 provides that the statute of limitations is tolled for any period of time in which a defendant is absent from the state.[2]

#### *(a) Official Capacity Claims*

The Supreme Court has held that a suit against a state official in his or her official capacity is not a suit against the official, but a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs' claims against the individual defendants in their official capacity therefore are actually claims against the State. Because

---

[2] Ohio Revised Code § 2305.15(A) provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action ... does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

The Court's holding in *Wilson v. Garcia* does not preclude tolling under § 2305.15 because that section is a part of Ohio's personal injury statute of limitations. *See Haag v. Camden*, 23 Fed. Appx. 384, 385 (6th Cir. 2001) (finding that the statute of limitations for a § 1983 action was not tolled by § 2305.15 because the plaintiff had not alleged facts meeting the requirements of § 2305.15); *Gaines v. Nero*, No. 98-3335, 1999 U.S. App. Lexis 18504, *4–5 (6th Cir. Aug. 5, 1999) (same).

5

§ 2305.15 cannot apply to the State, that section does not toll the statute of limitations as to claims against Defendants in their official capacity.

### (b) *Individual Capacity Claims*

To the extent that Plaintiffs assert that certain individual defendants have been outside of Ohio, thus tolling the statute of limitations under Ohio Revised Code § 2305.15, Defendants assert that the claims against them in their individual capacities should be dismissed because they are entitled to qualified immunity. (Mot. Dismiss 20–22; Defs.' Reply 4–5.)

In cases brought under §§ 1983 and 1985, qualified immunity shields state officials from liability for damages in their individual capacity when they do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[3] After a defendant has raised the defense of qualified immunity, the plaintiff bears the "burden of proof . . . to show that the defendant is not entitled to qualified immunity." *Sheets* v. *Mullins*, 287 F.3d 581, 586 (6th Cir. 2002) (citing *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991)).

To determine whether qualified immunity applies, the Court may begin by ascertaining whether the fact pattern in this case raises a clearly established constitutional right; if the answer is negative, qualified immunity applies. Since the Supreme Court's decision in *Pearson v. Callahan*, courts are no longer required to first determine whether a plaintiff was deprived of a constitutional right before analyzing whether that right was clearly established. *Pearson v. Callahan*, 129 S. Ct. 808, 821–22 (2009).

---

[3] Contrary to Plaintiffs' assertions (Pls.' Mem. Opp'n 8–9.), qualified immunity applies to § 1983 claims, and "constitutional violations by state by state officials are not cognizable directly under the Constitution (or by virtue of general federal question jurisdiction) because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations." *McQuire v. City of Moraine*, 178 F. Supp 2d 882, 889 n.7 (S.D. Oh. 2001) (citing *Sanders v. Prentice-Hall Corp. Sys.*, No. 97-6138, 1999 U.S. App. Lexis 2113, *4 n.2 (6th Cir. Feb. 8, 1999)).

The Court finds that the allegations made in this case do not implicate violations of a clearly established constitutional right. No court has held that a contract similar to the one signed by Plaintiffs violates the Constitution. In fact, an Ohio court has held that the Contract is constitutional with respect to treating Ohio residents and nonresidents differently for purposes of admission. *President & Bd. of Trs. of Ohio Univ. v. Smith*, 132 Ohio App. 3d 211, 223–26 (Ohio Ct. App. 2000). Because no clearly established right is implicated, the Court finds that the claims against Defendants in their personal capacities are barred by qualified immunity.

As discussed above, all of Plaintiffs' federal claims are either (i) subject to a two-year statute of limitations that cannot be tolled or (ii) are barred by qualified immunity. Because Plaintiffs did not file their Complaint until November 11, 2008, well beyond the expiration of the two-year statute of limitations, their federal claims must be dismissed.

## IV. State Law Claims

Because the Court disposes of Plaintiffs' federal claims by this Order, the Court declines to exercise supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(c)(3). Consequently, Plaintiffs' state law claims are dismissed without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001).

## V. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendant's motion. (Document 23.) Plaintiffs' federal claims are hereby **DISMISSED** with prejudice, and Plaintiffs' state law claims are hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

3-5-2010
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**